UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

EDMUND GITTENS,

                              Plaintiff,

              -against-

CITY OF NEW YORK, et. al.,

                             Defendants.

------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY CITY OF NEW YORK**

10 Civ. 8502 (PAC)

## PRELIMINARY STATEMENT

Defendant City of New York (the "City") hereby respectfully moves to dismiss plaintiff's complaint in its entirety pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. The basis of the City's motion is that plaintiff executed a general release in <u>Edmund Gittens v. City of New York, et. al.</u>, 09 Civ. 9805 (LTS)(KNF), which released the City and its agents from the very claims that are made in the present lawsuit.

## STATEMENT OF FACTS

Plaintiff Edmund Gittens ("Gittens") brought a prior lawsuit in this Court entitled <u>Edmund Gittens v. City of New York, et. al.</u>, 09 Civ. 9805 (LTS)(KNF)(the "First Lawsuit"). The First Lawsuit was filed on or about November 25, 2009. (Ex. A to Declaration of Mark D. Zuckerman of March 2, 2011, hereinafter the "Zuckerman Decl.")[1] Plaintiff was represented by attorneys Christopher Wright and Robert Marinelli in the First Lawsuit. (See Ex. A to Zuckerman Decl. and Docket Sheet in 09 Civ. 9805(LTS)(KNF))  The First Lawsuit alleged that

---

[1] The Court indicated at the pre-motion conference of February 2, 2011 that it would take judicial notice of the documents annexed to the Zuckerman Declaration that accompanies this motion.

the City of New York, as well as Police Officer Juan Inoa, were liable to plaintiff for constitutional violations arising out of plaintiff's arrest of January 26, 2009.  (Ex. A to Zuckerman Decl.)  Among plaintiff's claims in the First Lawsuit were allegations of false arrest and that he had been subjected to two illegal strip searches.  (Ex. A to Zuckerman Decl. at ¶¶13, 19)  Plaintiff also alleged therein that the City of New York was liable under a municipal liability theory for the allegedly illegal strip searches.  (Ex. A to Zuckerman Decl at ¶¶20-23)

The First Lawsuit was settled on or about August 5, 2010, whereby the City paid Gittens the sum of $6,000, inclusive of attorneys' fees and costs, and the parties executed a Stipulation of Settlement and Order of Dismissal that was executed by Judge Swain.  (Ex. B to Zuckerman Decl.)  In connection with the settlement of the First Lawsuit, Gittens executed a General Release wherein he agreed to "release and discharge the defendants City of New York and Police Officer Inoa; their successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York or any agency thereof, from any and all claims which were or could have been alleged by me in the aforementioned action, including claims for attorneys' fees, expenses and costs."  (Ex. C to Zuckerman Decl.)

On or about November 10, 2010, plaintiff, through new counsel, Jacobs and Hazan, LLP, brought the present lawsuit against the City of New York.  (The "Second Lawsuit")(Complaint)  The Second Lawsuit alleges various constitutional violations by the City in connection with a purported arrest of plaintiff of April 14, 2009, an arrest which obviously allegedly took place before the First Lawsuit was filed.  (Complaint, ¶9)  Among the allegations that plaintiff makes in the Second Lawsuit is that he was falsely arrested and illegally strip searched.  (Complaint ¶¶23-35)  He further alleges that the City is liable for the illegal strip search under a municipal liability theory.  (Complaint ¶¶23-35, 41-43, 58-65)

**LEGAL STANDARD**

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, a complaint must be dismissed "for failure of the pleadings to state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  Under this standard, a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  According to the Second Circuit Court of Appeals, a plaintiff must "provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  As plaintiff previously executed a general release in the First Lawsuit (of which the Court indicated at the pre-motion conference that it would take judicial notice) releasing the City and its agents from claims such as those brought herein, plaintiff has failed to state a claim upon which he is entitled to relief and the City's motion to dismiss must be granted.

**ARGUMENT**

**POINT I**

**PLAINTIFF HAS RELEASED THE CITY AND ITS AGENTS FROM THE CLAIMS BROUGHT HEREIN**

"A release is a species of contract law and 'is governed by the principles of contract law.'"  Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 514 (2d Cir. 2001)(quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. Gallizeau, 766 F.2d Cir. 1985)).  "The primary objective when interpreting a contract is to 'give effect to the intent of the parties as revealed by the language of their agreement.'"  Graham and Horton v. Empire Bail Bonds, 09 Civ. 1635 (JG),

2010 U.S. Dist. LEXIS 44958, at *6 (E.D.N.Y. May 7, 2010)(quoting <u>Campagnie Financiere de Cic et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.</u>, 232 F.3d 153, 157 (2d Cir. 2000)).  "The proper interpretation of an unambiguous contract is a question of law for the court…" <u>Omni Quartz v. CVS Corp.</u>, 287 F.3d 61, 64 (2d Cir. 2002).

   The City asserts that the release language is wholly unambiguous and, as applied to the present dispute, requires that plaintiff's present complaint be dismissed.  Plaintiff agreed in consideration for the $6,000 settlement he received in the First Lawsuit to release the City and its agents not just from any and all claims which were alleged by him in the First Lawsuit, but from any and all claims which could have been alleged by him therein.  The General Release that he executed could not be any clearer and there can be no doubt that plaintiff could have brought the claims alleged herein in the First Lawsuit especially in light of the fact that the underlying events had occurred well before the filing of the Complaint in the First Lawsuit.  In fact, the municipal liability claim brought herein is the exact same alleged illegal strip search claim that was brought in the First Lawsuit.  The only difference is that it arises out a different underlying incident in which plaintiff again claims false arrest as well.  As such, his present complaint must be dismissed in its entirety.

   District courts within this Circuit have consistently held that similar releases bar claims made under similar circumstances to what this plaintiff is attempting to do here, namely enter into a settlement, execute a general release and then bring a new lawsuit alleging other claims that "could have been alleged" in a prior action.  E.g. <u>Madison Square Garden v. National Hockey League</u>, 07 Civ. 8455 (LAP), 2008 U.S. Dist. LEXIS 80475, at *18-19 (S.D.N.Y. Oct. 10, 2008); <u>Sibersky v. Borah, Goldstein, Altschuler and Schwartz</u>, 99 Civ. 3227 (JGK), 2002 U.S. Dist. LEXIS 13218, at *14-19 (S.D.N.Y. July 15, 2002);  <u>Willsea v. Theis</u>, 98 Civ.6773

(BSJ), 1999 U.S. Dist. LEXIS 22471, at *21-27 (S.D.N.Y. Aug. 5, 1999); Graham and Horton, 2010 U.S. Dist. LEXIS 44958, at *6-8.

The result that the City seeks here serves the judicial goal of "finality" to litigation and the prevention of endless successive lawsuits involving the same parties. The General Release is wholly unambiguous and thus requires that plaintiff's complaint in this matter be dismissed.

## CONCLUSION

For the foregoing reasons, the defendant City's motion to dismiss must be granted.

Dated:     New York, New York
           March 1, 2011

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendant City of New York
                        100 Church Street, Room 3-211
                        New York, New York 10007
                        (212) 442-8248

By:     /s/
                        MARK D. ZUCKERMAN