UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDMUND GITTENS ,

Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE OFFICERS
JOHN DOES 1-2 (names and number of whom are
unknown at present), and other unidentified members of
the New York City Police Department),

Defendants.

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. (12)(b)(6)

---

*JACOBS & HAZAN, LLP*
*Attorneys for Plaintiff*
*22 Cortlandt Street, 16th Floor*
*New York, N.Y.  10007*

*By:  David M. Hazan, Esq.*
*Tel:  (212) 419-0363*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 2

STANDARD OF REVIEW ..................................................................................... 4

ARGUMENT ........................................................................................................ 5

       POINT I

              PLAINTIFF WAS BARRED BY FEDERAL
              RULE OF CIVIL PROCEDURE 20(A)(2) FROM
              FILING THE CLAIMS PLED IN THE INSTANT
              LAWSUIT AS PART OF PLAINTIFF'S PRIOR
              LAWSUIT FILED IN NOVEMBER, 2009................................................ 5

       POINT II

              EVEN ASSUMING, *ARGUENDO*, THAT THE
              COURT FINDS THAT PLAINTIFF "COULD
              HAVE" FILED THE INSTANT LAWSUIT AS
              PART OF THE LAWSUIT FILED IN
              NOVEMBER 2009, PLAINTIFF'S MOTION
              MUST STILL BE DENIED BECAUSE THE
              LANGUAGE CONTAINED IN THE GENERAL
              RELEASE DOES NOT BAR PLAINTIFF FROM
              FILING THE INSTANT ACTION. ........................................................ 10

CONCLUSION.................................................................................................... 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

EDMUND GITTENS,

                                    Plaintiff,

                -against-                                    10 Civ. 8502 (PAC)

THE CITY OF NEW YORK AND POLICE OFFICERS
JOHN DOES 1-2 (NAMES AND NUMBER OF WHOM
ARE UNKNOWN AT PRESENT, AND OTHER
UNIDENTIFIED MEMBERS OF THE NEW YORK
CITY POLICE DEPARTMENT),

                                    Defendants.
---------------------------------------------------------------------X

### PLAINTIFF EDMUND GITTENS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF NEW YORK'S MOTION TO DISMISS

## Preliminary Statement

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that he was deprived of his civil rights by the City of New York and New York City Police Officers John Does 1-2 when they illegally stopped, searched, arrested and strip searched plaintiff on or about April 14, 2009. Specifically, plaintiff claims that the City Defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments by falsely arresting him and unconstitutionally strip-searching him. Additionally, plaintiff claims that the unconstitutional strip search was caused by a policy, practice and custom of the City of New York that permits its police officers to conduct illegal strip searches of individuals without a specific, articulable factual basis supporting a reasonable suspicion or probable cause to believe the individual secreted contraband, evidence, or had a weapon inside a body cavity.

Defendant City of New York moves to dismiss plaintiff's Complaint, claiming that a General Release that plaintiff previously executed bars plaintiff from bringing the claims alleged

in this case. Defendant's motion to dismiss must be denied on the grounds that: (1) plaintiff was

barred by Federal Rule of Civil Procedure 20(a)(2) from bringing the claims pled in this lawsuit

as part of the previously filed case; and (2) even assuming, *arguendo*, that the Court finds that

plaintiff "could have" filed the instant lawsuit as part of the lawsuit filed in November 2009,

plaintiff's motion must still be denied because the language contained in the General Release

does not bar plaintiff from filing the instant action.   In the alternative, plaintiff submits that

discovery of extrinsic evidence is needed in order to determine the parties' understanding of the

language in the General Release.   Accordingly, Defendant City of New York's motion to dismiss

must be denied in its entirety.

## STATEMENT OF FACTS

The allegations of plaintiff Edmund Gittens' complaint arise out of his arrest on or about

April 14,2009, at approximately 3:00 p.m. in the vicinity of 115th Street and Lexington Avenue,

New York, New York.   Complaint ("Compl.") dated November 5, 2010 at ¶ 9, Annexed to

Hazan's Declaration as Exhibit "2."   Plaintiff was stopped, frisked, and arrested by Defendant

New York City Police Officers "John Doe # 1" and "John Doe # 2" who were both dressed in

plain clothes and driving a dark colored unmarked police vehicle.   Id. at ¶¶ 10-20.   The stop,

frisk, search and arrest of plaintiff by defendants were made without reasonable suspicion and/or

probable cause.   Id. at ¶¶ 14, 37.   Thereafter, plaintiff was transported by the defendants to the

25th Precinct, placed in a holding cell, and strip searched without reasonable suspicion or

probable cause.   Id. at ¶¶ 21-26.   At no time did the defendant police officers recover any drugs,

contraband or other illegal paraphernalia from plaintiff.   Id.  at ¶ 27.   After the unconstitutional

strip search was completed, the defendant police officers told plaintiff he was free to leave the

precinct.   Id. at ¶ 28.    Plaintiff was never prosecuted for allegedly committing any crime.

Plaintiff, further alleges that his injuries were caused by a policy, custom, or practice within the

New York City Police Department, wherein New York City Police  Officers illegally strip search

individuals without a specific, articulable factual basis supporting a reasonable suspicion or probable cause to believe the individual secreted contraband, evidence, or has a weapon inside a body cavity. Id. at ¶ 32.  Further, New York City Police Officers have testified under oath that it is policy, practice, and custom of the New York City Police Department to conduct strip searches of every person that is arrested. Id. at ¶ 33.   As a result of defendant City of New York's deliberate indifference about the fact that New York City Police Officers routinely conduct strip searches without reasonable suspicion and/or probable cause, there is a pattern, policy, custom or practice of New York City Police Officers strip searching individuals without a factual basis supporting a legal reason to do so. Id. at ¶ 35.

Plaintiff Edmund Gittens brought a prior lawsuit in this Court entitled Edmund Gittens v. City of New York, et al., 09 Civ. 9805 (LTS)(KNF) (the "First Lawsuit").  The First Lawsuit was filed on or about November 25, 2009.  See Complaint ("Compl.") dated November 27, 2009, Annexed to Hazan's Declaration as Exhibit "1." Plaintiff was represented by different attorneys in the First Lawsuit.  Id.  Plaintiff's First Lawsuit alleged that on January 26, 2009 at approximately 4:00 p.m. he was unlawfully approached, searched and arrested by defendant Police Officers Inoa and John Doe as he was exiting 1365 5th Avenue in New York, New York. Id. at ¶¶ 8, 10.  Plaintiff was charged with Resisting Arrest and Disorderly Conduct. Id. at ¶ 10. Plaintiff was transported by the defendant police officers to the PSA-5 Precinct for arrest processing.  Id. at ¶ 13.  Plaintiff was strip searched at PSA-5. Id.   Plaintiff claimed that the Police Officer Inoa and the John Doe Officer falsely arrested him, illegally searched him, fabricated evidence against him, and maliciously prosecuted him. Id. at ¶ 19.  Plaintiff claimed that the City of New York was liable because it was "aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the individual defendants, are unfit officers who have the propensity to commit the acts of the defendant officers." Id. at ¶ 22.

- 3 -

The First Lawsuit was settled with the City of New York on or about August 5, 2010, and the parties executed a Stipulation and Order of Dismissal.   See Stipulation and Order of Dismissal, Docket Number 09 Civ. 9805 (LTS)(KNF), dated August 5, 2010, Annexed to Hazan Declaration as Exhibit "3."   Plaintiff also executed a General Release in connection with the settlement of the First Lawsuit.   See General Release, Docket Number 09 Civ. 9805 (LTS)(KNF), Annexed to Hazan Declaration as Exhibit "4."   The General Release contained language wherein plaintiff agreed to "release and discharge the defendants City of New York and Police Officer Inoa; their successors or assigns; and all past and present officials, employees, representatives and agents of the City of New York or any agency thereof, from any and all claims which were or could have been alleged by me in the aforementioned action." Id.

## RULE 12(b)(6) STANDARD FOR DISMISSAL

Defendant City of New York's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must be denied because plaintiff's Complaint states valid causes of action.   When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Connecticut v. Am. Elec. Power Co., 582 F.3d 309, 320 (2d Cir. 2009) (internal quotation marks omitted). The plaintiff's complaint must, however, "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); accord Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010). While a complaint need not contain "detailed factual allegations," it requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. (internal quotation marks omitted); accord DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

- 4 -

Further, the Court's function on a motion to dismiss "is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Caspar, 1998 U.S. Dist. LEXIS, *1, supra. A court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, a motion under Rule 12(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll International, 231 F. 3d 82, 86-87 (2d Cir. 2000).

Here, relying solely on the facts presented in the pleadings and undisputed facts in the public record, defendant's motion to dismiss must be denied.

## ARGUMENT

### POINT I

**PLAINTIFF WAS BARRED BY FEDERAL RULE OF CIVIL PROCEDURE 20(A)(2) FROM FILING THE CLAIMS PLED IN THE INSTANT LAWSUIT AS PART OF PLAINTIFF'S PRIOR LAWSUIT FILED IN NOVEMBER, 2009.**

Plaintiff could not have alleged the claims pled in the instant lawsuit, as part of his lawsuit that was filed against the City of New York and other defendants in November, 2009. Defendant City of New York erroneously argues that plaintiff's Complaint must be dismissed because the General Release that was executed by plaintiff in a prior lawsuit, filed in November, 2009, bars plaintiff from bringing the instant lawsuit. Specifically, defendant argues that the General Release executed in the November, 2009 lawsuit bars plaintiff from alleging any claims that "could have been alleged" as part of the November, 2009 lawsuit. Defendant further argues that the claims alleged in the instant case "could have" been alleged as part of the November,

2009 lawsuit.  However, defendant makes this assertion in a wholly conclusory manner and fails to provide any legal authority in support of its argument.  In fact, plaintiff *could not* have legally alleged the claims pled in the instant lawsuit, as part of the lawsuit that was filed in November, 2009.  Federal Rule of Civil Procedure 20(a)(2) barred plaintiff from filing the claims pled in the instant case, as part of the prior November, 2009 lawsuit.

Federal Rule of Civil Procedure 20(a)(2) only permits the joinder of multiple defendants in one action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; *and*

(B) any question of law or fact common to all defendants will arise in the action.

Federal Rule of Civil Procedure 20(a)(2)(emphasis added); see also Nassau County Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co., 497 F.2d 1151, 1154 (2d Cir. 1974)("Rule 20(a) provides that '[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.'" (quoting Fed. R. Civ. P. 20(a)(2)).  As is clear from the plain language of Rule 20(a)(2), both criteria must be met for joinder to be proper. See McNaughton v. Merck & Co., No. 04-CV-8297, 2004 U.S. Dist. LEXIS 30287, 2004 WL 5180726, at *2 (S.D.N.Y. Dec. 17, 2004) (holding that joinder of defendants was improper where only one of the two preconditions of Rule 20(a)(2) was met); Cline v. 1-888-Plumbing Group, Inc., No. 99-CV-1401, 2000 U.S. Dist. LEXIS 4038, 2000 WL 342689, at *1 (S.D.N.Y. Mar. 30, 2000) ("Pursuant to the express language of Rule 20(a), there are two prerequisites to permissive joinder."); Moore's Federal Practice § 21.02[1] (3d ed. 2009) ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties").

In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true. See Viada v. Osaka Health Spa, Inc., 235 F.R.D. 55, 61 (S.D.N.Y. 2006) ("[W]he[n] there has not been a trial and no facts developed during the pretrial discovery phase of the litigation have been presented to the Court for analysis . . ., the Court is required to accept the [factual] allegations made by the plaintiffs in their complaint and assume that all the matters alleged by them in the complaint are true and provable."); Baergas v. City of New York, No. 04-CV-2944, 2005 U.S. Dist. LEXIS 18785, 2005 WL 2105550, at *4 (S.D.N.Y. Sept. 1, 2005) ("In considering defendants' motion [for severance], I must assume the truth of the allegations in the complaint."). The plaintiff bears the burden of demonstrating that joinder is warranted under Rule 20. See Kehr, 596 F. Supp. 2d at 827.

Here, plaintiff was unable, as a matter of law, to file one lawsuit, joining the claims against the defendants in the instant case, with the claims pled against the defendants in the November, 2009 case because plaintiff would not have met either of the prerequisites for permissive joinder.   As an initial matter, plaintiff's allegations in both cases do not meet the requirements of Rule 20(a)(2)(A) because he could not assert a right to relief "against [D]efendants jointly [and] severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences." Fed. R. Civ. P. 20(a)(2)(A), Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 160 (S.D.N.Y. Sept. 22, 2009).

Clearly, the individual defendant police officers in each of the respective cases would not be jointly and severally liable for each others actions, and the allegations contained in the Complaint that was filed in November, 2009 do not, in any way, arise out of the same transaction, occurrence, or series of transactions and occurrences, as the allegations made against the defendants in the instant case.  The allegations contained in the Complaint filed in November 2009, arise from an arrest involving defendant Police Officer Inoa that allegedly occurred on

- 7 -

January 26, 2009 at approximately 4:00 p.m., as plaintiff was exiting 1365 5th Avenue. See Compl., dated Nov. 27, 2009 at ¶ 8. Defendant Inoa allegedly charged plaintiff with Resisting Arrest and Disorderly Conduct and was transported by the officers to PSA-5 (a command used for NYPD Housing Police). Id. at ¶¶ 10, 13.

However, the allegations contained in the Complaint filed in the instant case arise from a completely different transaction or occurrence, involving completely different defendant police officers from a different Police Precinct than the defendant officers in the case filed in November, 2009. Plaintiff, in the instant case, was arrested on April 14, 2009 at approximately 3:00 p.m. in the vicinity of 115th Street and Lexington Avenue. See Compl., dated Nov. 5, 2010. In the instant case, plaintiff was arrested by plain clothed officers, who were driving an unmarked police vehicle. Id. at ¶¶ 10-13. In the instant case, plaintiff was transported to the 25th Precinct stationhouse, strip searched and released without being charged with a crime. Id. at ¶¶ 21-29. Conversely, the defendants in the case filed in November, 2009 were uniformed officers assigned to a Housing Unit, they charged plaintiff with completely different crimes, and plaintiff was prosecuted. Clearly, there is no relationship between the transaction or occurrence at issue in the case filed in November, 2009 and the instant case. The Police Officer defendants are different, the location of incident is different, the fact pattern is completely different, and the precinct at which the officers worked was completely different. For these reasons alone, Federal Rule of Civil Procedure 20(a)(2) prohibited plaintiff from alleging the claims against the defendants in this lawsuit, as part of the lawsuit that was filed in November, 2009. Thus, the Court should deny defendant's motion to dismiss, in its entirety

Furthermore, the two cases do not have a question of law or fact that is common to all defendants in both cases. The claims in both lawsuits present completely different legal issues for the defendants based upon completely different fact patterns. In the case filed in November, 2009 case, the police allegedly falsely arrested plaintiff, and maliciously charged him with

- 8 -

crimes.  The Court and jurors in the November, 2009 case would have had to make factual determinations and then decide whether there was probable cause to arrest plaintiff.  In the instant case, the Court and jury would have to make completely different factual determinations and then determine whether plaintiff was stopped, detained, and searched without reasonable suspicion and probable cause.

Moreover, the claims pled against defendant City of New York in the two lawsuits are completely unrelated.  In the lawsuit, filed in November, 2009, plaintiff claimed that the City of New York was liable because it was "aware from notices of claim, lawsuits, complaints filed with the City, and the City's own observations, that many of its police officers, including the individual defendants, are unfit police officers who have a propensity to commit the acts alleged in the Complaint.  See Compl., dated Nov. 27, 2009 at ¶ 22.  Whereas, plaintiff's claims against defendant City of New York in the instant case are completely different.  In the instant case, plaintiff does not claim that his injuries were caused because the officer defendants were unfit or had a propensity to commit the acts against plaintiff.  Rather, in the instant case, plaintiff claims that he was illegally strip searched because defendant City of New York has a "policy, practice or custom within the New York City Police Department, wherein New York City Police Officers illegally strip search individuals without a specific, articulable factual basis supporting a reasonable suspicion or probable cause to believe the individual secreted contraband, evidence, or has a weapon inside a body cavity."  See Compl., dated Nov. 5, 2010 at ¶¶ 32-34.  Clearly, the legal issues that would need to be decided against the City of New York in the two cases are completely different.

Clearly, Federal Rule of Civil Procedure 20(a)(2) barred plaintiff from joining the defendants in the instant case with the defendants in the case filed in November, 2009 and the two cases could not have legally been filed as one lawsuit.  Therefore, defendant's argument that the language in the General Release executed by plaintiff in the November, 2009 lawsuit bars

plaintiff from bringing the instant case, fails.  For these reasons, the Court must deny defendant's

motion to dismiss in its entirety.

## POINT II

**EVEN ASSUMING, *ARGUENDO,* THAT THE COURT FINDS THAT PLAINTIFF "COULD HAVE" FILED THE INSTANT LAWSUIT AS PART OF THE LAWSUIT FILED IN NOVEMBER 2009, PLAINTIFF'S MOTION MUST STILL BE DENIED BECAUSE THE LANGUAGE CONTAINED IN THE GENERAL RELEASE DOES NOT BAR PLAINTIFF FROM FILING THE INSTANT ACTION.**

"A release is a species of contract and 'governed by the principles of contract law.'"

Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 514 (2d Cir. 2001) (quoting Bank of Am. Nat'l

Trust & Sav. Ass'n v. Gillaizeau, 766 F.2d 709, 715 (2d 1985) (applying New York law));

Zilinskas v. Westinghouse Elec. Corp., 248 A.D.2d 777, 778, 669 N.Y.S.2d 703 (3d Dep't 1998).

Although the scope and validity of a release of a federal claim are governed by federal law, a

federal court looks to state law to determine the content of that federal law.   Olin Corp. v.

Consol. Aluminum Corp., 5 F.3d 5 F.3d 10, 15 (2d Cir. 1993).

Under New York law, the Court must give effect to the intent of the parties to a contract

as revealed by the language that they used.  Raymon Corp. v. Natil Union Fire Ins. Co., 46 A.D.

3d 1251, 1253, 849 N.Y.S.2d 101 (3d Dep't 2007); Zilinskas, 248 A.D.2d at 779; accord Gross

v. Sweet, 49 N.Y.2d 102, 107, 400 N.E.2d 306, 424 N.Y.S.2d 365 (1979).  When the contract is

a release, the New York cases permit its enforcement only to the extent it contains an "explicit,

unequivocal statement of a present promise to release [a party] from liability." Carpenter v.

Machold, 86 A.D.2d 727,727, 447 N.Y.S.2d 46 (3d Dep't 1982); see Golden Pac. Bancorp, 273

F.3d at 515 (applying New York law).

In considering the reach of a particular disputed provision, a court must examine the entire structure of the agreement and attempt to reconcile its various provisions. See Westmoreland Coal Co. v. Entech, Inc., 100 N.Y.2d 352, 358, 794 N.E.2d 667, 763 N.Y.S2d 525 (2003); Laba v. Carey, 29 N.Y.2d 302, 308, 277 N.E.2d 641, 327 N.Y.S.2d 613 (1971). Thus, in this case the "[s]ettlement [a]greement ... must be read as a whole," keeping in mind the controversy being settled and the purpose for which the release was given. Berman v. Parco, 986 F. Supp. 195, 210 (S.D.N.Y. 1997) (applying New York law); see Apfel v. Prestia, 41 A.D.3d 520, 521, 838 N.Y.S.2d 605 (2d Dep't 2007); Zilinskas, 248 A.D.2d at 779.

If a term in a release is ambiguous, the court may consider extrinsic evidence to determine the intent of the parties. See Driscoll v. Driscoll, 45 A.D. 3d 723, 724, 847 N.Y.S.2d 106 (2d Dep't 2007); Korff v. Corbett, 18 A.D.3d 248, 251, 794 N.Y.S.2d 374 (1st Dep't 2005). The release "may not be read to cover matters which the parties did not intend it to cover." Apfel, 41 A.D.3d at 521.

In the instant case, defendant City erroneously cites several cases in support of the proposition that Courts in this Circuit have held that "similar releases" barred the releasors from filing unrelated claims that accrued prior to the initiation of the settled lawsuit. See Memorandum of Law In Support of Motion to Dismiss By City of New York at 4-5. In fact, the releases at issue in the cases cited by the defendant contain broader and distinguishable language from the language contained in the release at issue in this case. See Madison Square Garden v. National Hockey League, 2008 U.S. Dist. LEXIS 80475, at *18-19 (S.D.N.Y. Oct. 10, 2008)("forever releases and discharges" the League "from any and all claims ... upon any legal or equitable theory" which "exist as of the date of execution ..."); Sibersky v. Borah, Goldstein, Altschuler and Schwartz, 2002 U.S. Dist. LEXIS 13218, at *14-19 (S.D.N.Y. July 15, 2002) ("all claims arising from the beginning of time to date"); Willsea v. Theis, 1999 U.S. Dist. LEXIS 22471, at * 21-27 (S.D.N.Y. Aug. 5. 1999) (all causes of action, suits, ... claims and demands in

law "which... [plaintiff] ever had,"); Graham v. Empire Bail Bonds, 2010 U.S. Dist. LEXIS 44958, at *6-8 (E.D.N.Y. May 7, 2010) (all causes of action, suits, debts, dues, covenants, contracts, agreements, damages, and claims and demands in law "which [Willsea and NFS] and its employees, officers, directors, affiliates, heirs, executors, administrators, successors and assigns ever had,").

At least one Court in this District has already distinguished the type of language contained in the releases in the cases cited by the defendant, and the language contained in the release at issue in this case. See Mandal v. City of New York, 02 Civ. 1234 (WHP) (FM), 2008 U.S. Dist. LEXIS 24903, at *6-7 (March 17, 2008) (the type of language contained in the City's release is not the type of language of broad general effect and therefore should be interpreted more narrowly.)  Accordingly, to the extent that the language in the release is subject to two conflicting interpretations, the Court must adopt the narrower of the two possible interpretations of the release. Bank of N.Y. v. Amoco Oil Co., 35 F.3d 643, 662 (2d Cir. 1994) (applying New York law), see also Mandal v. City of New York, 02 Civ. 1234 (WHP) (FM), 2008 U.S. Dist. LEXIS 24903, at *6-7 (March 17, 2008).

Here, as explained in Point I, *supra*, plaintiff interpreted the language in the General Release to mean that plaintiff released the City of New York from all claims that were brought or could have been brought arising out of the same transaction, occurrence, or controversy.  Here, the Court must adopt the narrower interpretation of different possible interpretations of the language in the General Release. Mandal v. City of New York, 2008 U.S. Dist. LEXIS at *8-9, citing Bank of New York, 35 F.3d at 662.  Therefore, the narrower interpretation of the General Release is that the clause "which were or could have been alleged in this action" refers to any claims that could have been alleged regarding the arrest at issue in plaintiff's November, 2009 Complaint.   Since the allegations in the instant case have no relation whatsoever to the arrest at

issue in the case filed in November, 2009, the Court must deny defendant's motion and permit plaintiff to proceed with the claims alleged in the subject Complaint.

Assuming, *arguendo*, that the Court determines as a matter of law that there is an ambiguity in the General Release, then extrinsic evidence of the intent of the parties when they executed the release may be necessary for the Court to consider, and some discovery may need to be conducted.  Wells v. Shearson Lehman/ American Express, 72 N.Y.2d 11, 14-15 (1988). "Ambiguity has readily been found in broad general releases" and the New York State Supreme and Appellate Division cases have readily identified factual questions in the circumstances of a release (Sage v. Hale, 75 Misc. 2d 256), and in a reading of the general release language in the context of the entire document (Spector v. K-Mart, 99 A.D.2d 605).  Here, the General Release is ambiguous about whether the language releases the defendants from all claims that accrued prior to the filing of the Complaint in the November, 2009 case or whether the language only releases defendants from claims arising from the specific arrest at issue in that case.  Plaintiff submits that at the time the General Release was executed, all parties understood the language in the General Release to release the defendants only from claims arising from the specific arrest at issue in that case.  Thus, to the extent the Court is unable to find as a matter of law that plaintiff is permitted to bring this action, discovery will need to be conducted and extrinsic evidence gathered regarding the parties' understanding of the contested language contained in the General Release.

## CONCLUSION

For the foregoing reasons, plaintiff submits that as a matter of law, defendant's motion to dismiss should be denied and plaintiff should be permitted to proceed with this action.   In the alternative, discovery must be conducted, so that the parties can gather extrinsic evidence regarding the parties' understanding of the language contained in the General Release when it was executed.

Dated:      New York, New York
            March 31, 2011


            By:   _David M. Hazan_____
                  STUART E. JACOBS
                  DAVID M. HAZAN
                  JACOBS & HAZAN, LLP
                  Attorney for Plaintiff
                  22 Cortlandt Street, 16th Floor
                  New York, NY 10007
                  (212) 419-0363

- 14 -

TO:     Mark Zuckerman, Esq. (Via First Class Mail and ECF)
        New York City Law Department
        100 Church Street, 4th Floor
        New York, New York 10007

CC:     Honorable Paul A. Crotty (Via First Class Mail and ECF)
        United States District Judge, SDNY
        United States District Court
        500 Pearl Street
        New York, New York 10007-1312