UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDMUND GITTENS,

          Plaintiff,

    - against -

CITY OF NEW YORK, et al.,

          Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 11, 2011

10 Civ. 8502 (PAC)

ORDER OF DISMISSAL

HONORABLE PAUL A. CROTTY, United States District Judge:

On November 25, 2009, Edmund Gittens ("Gittens") brought an action ("First Lawsuit"), under 42 U.S.C. § 1983, against the City of New York ("City") and two police officers, alleging constitutional violations arising from his arrest on January 26, 2009 ("First Arrest"). See Gittens v. City of N.Y., No. 09 Civ. 9805 (LTS)(KNF). Specifically, he maintained that he was falsely arrested and illegally strip searched, and asserted a claim for municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). On August 5, 2010, Gittens settled the First Lawsuit for $6,000. As part of the Stipulation of Settlement and General Release ("Release"), Gittens agreed "to release the defendants . . . and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees." (Zuckerman Decl. Ex. B, ¶ 2).

On November 10, 2010, three months after settling the First Lawsuit, Gittens brought the present action ("Second Lawsuit"), under 42 U.S.C. § 1983, against the City of New York and unidentified police officers, alleging constitutional violations arising from his arrest on April 14, 2009 ("Second Arrest"). Specifically, he maintains that he was falsely arrested and illegally strip

searched, and asserts a claim for municipal liability under Monell.  The City of New York now moves to dismiss the claims asserted in the Second Lawsuit as released by Gittens under the terms of the August 5, 2010 settlement. While the Second Arrest occurred before the filing and settling of the First Lawsuit, the Complaint in the First Lawsuit does not specifically mention this incident.  It does, however, refer to "two illegal strip searches," yet attributes only one of these strip searches to the January 26, 2009 arrest.  (See Compl. ¶¶ 13, 19).

Despite Gittens's contentions, this case differs significantly from Magistrate Judge Maas's decision in Mandal v. City of New York, where the release was limited to the matter in suit.  No. 02 Civ. 1234 (WHP)(FM), 2008 U.S. Dist. LEXIS 24903 (S.D.N.Y. Mar. 17, 2008) (releasing the City "from any and all claims which were or could have been alleged . . . in the aforementioned action *arising out of the events alleged in the Complaint and in the Amended Complaints in said action*" (emphasis added)).  In other words, the release in Mandal applied only to compulsory claims.  Here, the language of the Release is much broader because it does not specify that the claims released must arise out of the same events alleged in the Complaint.  Rather, Gittens released "any and all . . . claims . . . which were or could have been alleged in this action."  This language includes all claims that could have been alleged, even if they arose out of different events than those specifically alleged in the Complaint.  It must, therefore, encompass all compulsory *and permissive* claims that Gittens "could have" brought in the First Lawsuit.  See Willsea v. Theis, No. 98 Civ. 6773 (BSJ), 1999 U.S. Dist. LEXIS 22471, at *24 n.8 (S.D.N.Y. Aug. 5, 1999).  Accordingly, the question is whether Gittens could have brought a single lawsuit asserting the claims arising out of both arrests.  Because the Court determines that he could have done so, it dismisses the complaint.

Fed. R. Civ. P. 18, governing joinder of claims, provides: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). There is no doubt that Gittens could have brought both Monell claims (based on both the First and Second Arrests) together in the First Lawsuit.[1] The Monell claim asserted in the First Lawsuit is based on failure to train or supervise, while the Monell claim asserted in the Second Lawsuit focuses on the illegal strip search policy. Yet, based on the factual allegations in the first Complaint, Gittens could have pursued a claim based on either theory of municipal liability at trial.

Once Gittens asserted in the First Lawsuit the Monell claim based on both arrests, he could have joined the individual officers named in the Second Lawsuit. Fed. R. Civ. P 20(a)(2) permits joinder of individuals in one action as defendants if

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P 20(a)(2). Here, both requirements are clearly met. While these two arrests are separate and distinct incidents, due to the common Monell claims, they qualify as part of the same series of transactions. See, e.g., Okin v. Village of Cornwall-on-Hudson Police Dept., 577 F.3d 415 (2d Cir. 2009) (deciding a single lawsuit asserting individual claims based on a series of isolated incidents in which different police officers responded to different 911 calls by the same plaintiff, unified only by the common Monell claim). Indeed, the Federal Rules favor

---

[1] In fact, doing so would help establish the "pattern or practice" of illegal strip searches. Moreover, as noted, it appears that this was Gittens's intention, as he referred to "two illegal strip searches" in paragraph 19 of the First Complaint, yet only attributed one to the First Arrest (suggesting perhaps that this second strip search is the one that occurred following the Second Arrest).

broad joinder of parties. See United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). In determining whether claims arise out of the same transaction or occurrence, the Second Circuit advises the court to assess whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." United States v. Aquavella, 615 F.2d 12, 22 (2d Cir. 1979) (internal quotations omitted). There is a clear logical relationship between two arrests by New York City police officers, which were allegedly made without probable cause and followed by illegal strip searches. While Gittens was not required to bring claims arising out of both arrests in a single lawsuit, he clearly "could have" done so in light of these liberal joinder standards. Indeed, had Gittens filed both actions on November 25, 2009, they would have been joined as related cases and handled on a combined basis.

There is no doubt that Gittens knew of both incidents when he settled the first action. He agreed, after consultation with his lawyer, to sign the Release. Since the second incident could have been raised in the first complaint, the plain language of the Release must be given effect. When Gittens signed the release of claims which "were or could have been alleged," he gave up the strip search incident to the second arrest. He cannot sue on a claim he has surrendered. As a result, the Court dismisses the complaint and directs the Clerk of Court to close this case.

Dated: New York, New York
      May 11, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

4