UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDMUND GITTENS,

          Plaintiff,

    - against -

CITY OF NEW YORK, et al.,

          Defendants.
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 30, 2011
```

10 Civ. 8502 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Edmund Gittens ("Gittens") moves for reconsideration of this Court's May 11, 2011 Order granting Defendant City of New York's motion to dismiss under Fed. R. Civ. P. 12(b)(6), based on a settlement agreement Gittens had signed "releas[ing] the defendants . . . and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees." Gittens v. City of N.Y., No. 10 Civ. 8502(PAC) (S.D.N.Y. May 11, 2011). The Court determined that, although the settlement related to an earlier lawsuit, the events alleged in the present suit had already occurred at that time and could have been raised in the first suit.

    "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Hinds County, Miss. v. Wachovia Bank N.A., 700 F. Supp. 2d 378, 407 (S.D.N.Y. 2010) (internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of

new evidence, or the need to correct a clear error or prevent manifest injustice.'" Hinds County, 700 F. Supp. 2d at 407 (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).

None of these bases for reconsideration applies here. Gittens argues that he could not have raised the two Monell claims together because the first alleges a failure to supervise officers who violated NYPD policy, while the second alleges an unconstitutional NYPD strip search policy that officers had followed. The Court previously considered these distinct grounds for the Monell claims and determined that they nonetheless could have been raised in the same lawsuit. Contrary to Gittens's assertion, the Court properly made this determination based on the four corners of the complaint, as well as documents of which Gittens was aware and which were essential to the complaint's allegations. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991); Berman v. Weinstein, 580 F. Supp. 2d 191, 200 (S.D.N.Y. 2008). Although Gittens articulates his arguments more clearly now, they suffer from the same defect. The conclusion that these claims could have been raised in the same lawsuit is still valid.

Accordingly, the motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion at Docket # 14.

Dated: New York, New York
June 30, 2011

SO ORDERED

*[signature]*
PAUL A. CROTTY
United States District Judge

2